Joshua Konecky, SBN 182897
jkonecky@schneiderwallace.com
Nathan Piller, SBN 300569
npiller@schneiderwallace.com
Yuri Chornobil, SBN 331905
ychornobil@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET CLIFFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAVORITE HEALTHCARE STAFFING, INC.<br><br>Defendant. | Case No.:   '21CV1237 CAB DEB<br><br>**CLASS ACTION**<br><br>**COLLECTIVE ACTION**<br><br>**PRIVATE ATTORNEYS GENERAL ACT (PAGA) LAW ENFORCEMENT ACTION**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Janet Clifford, by and through her undersigned attorneys, hereby brings this class action complaint and law enforcement representative action, against Defendant Favorite Healthcare Staffing, Inc. ("Favorite" or "Defendant").  Plaintiff alleges as follows:

## NATURE OF THE CASE

1.     This is a class action, collective action, and law enforcement action arising out of Defendant's failure to pay its traveling nurses for all their hours worked (including overtime and double time) and failure to provide them with off-duty meal and rest periods as required by law.  The traveling nurses work hard to care for the patients in the healthcare facilities they serve, but all too often are not compensated for the long hours they put into this critical job, or for the many times they need to work through their breaks.  These wage and hour violations arise from common policies and deficiencies in the way Defendant keeps track of the time the nurses must devote to their patients, their host facilities, and their jobs.

2.     Favorite employs thousands of traveling nurses across the United States and hundreds in California through standardized assignment contracts that set the assignment location, duration, and hourly pay rates, among other details of the job.  The nurses travel throughout the country working at various hospitals, health systems, and medical facilities with which Favorite contracts. Plaintiff Janet Clifford, for example, worked an assignment for Defendant as a CNA at Kaiser Permanente Zion Medical Center in San Diego, California.

3.     Favorite requires the nurses to stay in specific hotels and take specific transportation, which it arranges, to and from their placement facilities each workday. Favorite does not allow the nurses to arrange their own transportation.  Favorite also requires the nurses to be in their hotel lobbies at specific times to wait for the transportation. Nonetheless, Favorite does not compensate the traveling nurses for this time, which it suffers and permits, despite the nurses having to spend it under Favorite's direction and control.

4.     Favorite also requires and/or suffers or permits the traveling nurses to engage in pre-shift work tasks, requested or required by the host facility, without compensating for them.  This includes tasks such as gathering equipment and supplies and patient transfers, whereby nurses discuss patient updates and information with previous shift workers to ensure they can provide their patients the proper care.  Favorite has been aware of the nurses preforming pre-shift work without compensation. Favorite management has explicitly directed Ms. Clifford and other traveling nurses to perform pre-shift work without paying them for this time. In fact, Favorite has explicitly instructed Ms. Clifford and other traveling nurses to "clock-in" only at their scheduled shift time, rather than to accurately record their actual start time if earlier than their scheduled start time.

5.     Defendant's traveling nurses are also routinely assigned too many patients to finish all their patient care responsibilities within the pre-allotted shift time.  Nurses typically cannot complete all their duties for all their assigned patients, including charting and patient transfers, within the pre-allotted shift time.  At the same time, Defendant requires the nurses to go through a burdensome and often ineffectual process for getting credited and paid for their unscheduled hours (including overtime), resulting in the nurses repeatedly working without getting paid the compensation (including overtime) to which they are entitled.

6.     Plaintiff, Janet Clifford, worked as traveling nurse for Defendant from approximately February 2021 to March 2021.  She brings the First Cause of Action (the "FLSA claims") as a collective action on behalf of herself and other similarly situated individuals who have worked as traveling nurses for Defendant in California, at any time beginning three years before the filing of this Complaint, through the resolution of this action. She brings Causes of Action Two through Nine (the "class claims") as a class action on behalf of herself and other similarly situated individuals who have worked as traveling nurses for Defendant in California, at any time beginning four years before the filing of this Complaint, through the resolution of this action.

7.     Plaintiff, on her own behalf and on behalf of the Class Members, brings the class claims pursuant to California Labor Code §§ 201, 202, 203, 221-223, 226, 510, 512, 1174, 1194, and 1198; and California Code of Regulations, Title 8 §11050 §§ 7 & 11-12 (Wage Order No. 5), and under Business & Professions Code §§ 17200-17208, for unfair competition due to Defendant's unlawful, unfair and fraudulent business acts and practices. Plaintiff challenges Defendant's policy and practice of: (1) denying Plaintiff and the Class their overtime and double time wages despite requiring and/or suffering and permitting them to work these hours, often in excess of 12 hours per day; (2) denying Plaintiff and the Class their straight and/or overtime wages for time spent traveling to mandatory training programs; (3) failing to provide Plaintiff and the Class with off-duty meal and rest periods that comply with the timing and duration requirements of California law; (4) failing to authorize and permit off-duty rest periods that comply with the timing and duration requirements of California law; (5) failing to provide Plaintiff and the Class with accurate, itemized wage statements; (6) failing to maintain accurate payroll records; and (7) failing to timely pay Plaintiff and the Class full wages upon termination or resignation.  Plaintiff, on behalf of herself and all others similarly situated, seeks declaratory and injunctive relief, including restitution under Bus. & Prof. Code §17203.  Plaintiff, on behalf of herself and all others similarly situated, also seeks compensation, damages, penalties, interest, and attorneys' fees and costs to the full extent permitted by applicable law.

8.     Plaintiff brings Cause of Action Ten as a proxy of the State of California on behalf of other aggrieved employees for penalties under the Private Attorneys General Act (PAGA).  The PAGA provides that any civil penalty assessed and collected by the Labor and Workforce Development Agency (LWDA) for violations of applicable provisions of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.  The PAGA also provides that an aggrieved employee can bring a civil action on behalf of other

aggrieved employees for violation of any other Labor Code provision that does not itself contain a civil penalty, in which case the civil penalties are assessed at $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation.  On April 6, 2021, Plaintiff provided written notice by certified mail to the LWDA and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) days have passed and the LWDA has not provided notice regarding its intention to pursue the violations. Plaintiff therefore seeks these civil penalties and attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

## PARTIES

9.     Plaintiff, Janet Clifford is an individual over the age of eighteen, and is a resident of Wilmington, Illinois.  Plaintiff worked for Defendant as a traveling nurse in San Diego, California from approximately February 12, 2021, through March 13, 2021.

10.     Defendant Favorite Healthcare Staffing, Inc., is a corporation that is incorporated in Kansas and headquartered in Overland Park, Kansas, and at all relevant times has been engaged in the business of healthcare staffing in California, including in this District.

## JURISDICTION AND VENUE

11.     Jurisdiction over Plaintiffs' Fair Labor Standards Act claims is based upon 28 U.S.C. § 1331, inasmuch as this matter arises under the laws of the United States.

12.     Jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), inasmuch as this matter is a class action in which Ms. Clifford is a citizen of a State different from that of Defendant, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business and can be found in the District, and the causes

of action set forth herein have arisen and occurred in part in the District. For example, Plaintiff Clifford regularly worked for Defendant in this District. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the state of California and in this District and/or otherwise intentionally avail themselves of the California market through the advertising, marketing and sale of goods and services, to render the exercise of jurisdiction over Defendant by the California court consistent with traditional notions of fair play and substantial justice.

## **FLSA COVERAGE**

14.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

15.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

16.     Plaintiff and putative Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

17.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.     Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

19.     In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it orders supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

20.    At all material times, Plaintiff and putative Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTUAL ALLEGATIONS

21.    During the relevant time period of this action, Defendant has employed Plaintiff and other similarly situated individuals as traveling nurses to provide nursing services to various healthcare facilities throughout California and the United States.

22.    Defendant's nurses have a variety of patient care duties that they must attend to throughout their shifts.  They work with patients and physicians.  They also must spend time at the start and end of their shifts on the patient handoff process, where the outgoing shift provides information concerning the patients to the incoming shift.  In addition, the traveling nurses must attend staff meetings and fill out reports regarding their patients' health and recovery for review by the treating physician and other nurses.

23.    The traveling nurses employed by Defendant are *not* unionized, but the permanent, non-traveling nurses employed by the hosting facilities and the other health care systems served by Defendant typically *are* unionized.

24.    Defendant placed Ms. Clifford to work at the Kaiser Permanente Zion Medical Center in San Diego, California.

25.    In California, Defendant is obligated to compensate traveling nurses an overtime premium rate of 1.5 times the regular rate of pay for hours worked between 8 and 12 in a day, and at a "double-time" rate of 2 times the regular rate for hours worked in excess of 12 in a day.  In California and nationally, Defendant also is obligated to compensate traveling nurses at a rate of 1.5 times the regular rate of pay for hours worked in excess of 40 in a week.

26.    Defendant regularly schedules traveling nurses to work over forty hours in a week and over 8 hours in a day, including scheduling traveling nurses to work 12-hour shifts.  For example, Ms. Clifford and other traveling nurses working at Kaiser's hospitals

in San Diego were scheduled to work five days a week from 7:00 a.m. to 7:30 p.m. (with a half hour of unpaid time to account for the presumption of a lunch period). In addition to the scheduled overtime, Favorite has routinely required and/or suffered and permitted Ms. Clifford and the other traveling nurses to work unscheduled overtime, including hours in excess of 8 and 12 hours per day, and 40 hours per week, to complete their patient care and reporting duties, without paying them the overtime and double time wages that are due for this time.

27.    There are several components of this off-the-clock work that Defendant systematically suffers and permits the traveling nurses to perform without pay:

28.    First, the traveling nurses, including Ms. Clifford, are required to take transportation arranged by Favorite to and from their placement facilities before and after their scheduled shifts, at times Favorite schedules. The nurses are therefore under Favorite's direction and control during their wait and travel time. Nonetheless, Favorite does not compensate the nurses for this time.

29.    Second, many tasks must be completed before a shift officially begins, such as gathering tools and supplies for patient care and engaging in patient "hand-offs" with staff from the previous shift. Favorite expects and requires the traveling nurses to comply with any expectation or directive of the host facilities to perform such pre-shift work before the scheduled start time of the shift. Yet, the traveling nurses are not compensated for this time.

30.    Third, the nurses are not compensated for time spent at the beginning and/or end of their shifts spent performing patient "hand-offs" with the outgoing and/or incoming shift of nurses. The patient hand-offs are a core component of the job and an ethical responsibility of the nurses. They require the nurses on the incoming and outgoing shift to meet with each other and the patients, individually, to check, convey and record information regarding the patients' vital signs, condition and needs, among other things. Patient hand-offs and transfers to the next shift require substantial communication and time

between the traveling nurse and the nurse working the preceding and/or subsequent shifts regarding the status of the patients and any particular treatment needs the patients may have.

31.    Fourth, traveling nurses often don't have sufficient time during their scheduled shift to complete all the patient charting that they need to do to comply with their job requirements and ethical responsibilities.  This necessary job function thus occurs off-the-clock as well.

32.    On top of all this, the traveling nurses are simply assigned too many patients to reliably complete all their patient care duties within the pre-allotted shift time, which also contributes to the off-the-clock work.

33.    While the traveling nurses repeatedly and typically work beyond their scheduled shift time—whether before, after, or during meal periods—Favorite does not have adequate procedures in place to ensure that they are paid for all their unscheduled work time.  Rather, Favorite relies on burdensome sign-off procedures from the host facilities to credit the traveling nurses for unscheduled work time.  This results in the traveling nurses not being able to receive credit or compensation for this time.

34.    Moreover, Defendant has explicitly instructed the traveling nurses, including Ms. Clifford, to record only their scheduled shift hours on their time sheets, but not their true start and end times.  Traveling nurses are subject to termination—and in fact have been terminated—for accurately recording the start and end times on the timesheet.

35.    In addition, Favorite does not have adequate procedures to provide the traveling nurses with off-duty meal periods of at least 30 minutes by the end of the fifth hour of work, or to provide them with a second off-duty meal period of at least 30 minutes by the end of the tenth hour of work.  For example, Favorite routinely failed to ensure that there were sufficient break relief nurses available to relieve Plaintiff by the end of the fifth hour of work, and as a result Plaintiff regularly was unable to take her meal period until well after the end of the fifth hour of work.  Nor does favorite have adequate procedures

to authorize and permit the traveling nurses an opportunity to take rest periods consisting of at least 10 minutes net off-duty time for every four hours or major fraction thereof.

36. Accordingly, the traveling nurses—including Ms. Clifford—have been denied the wages and benefits to which they are entitled under California law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All individuals who worked as a traveling nurse or like hourly position for Defendant nationwide at any time beginning during the time period three years prior to the filing the filing of the opt-in plaintiffs' respective consent to join forms, plus time for equitable tolling, until resolution of this action, and consisting of those who submit a consent to join the action (the "Collective").**

37. Defendant has not compensated these employees for the unpaid meal breaks and "off-the-clock" work as described above.

38. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by FLSA Class members.

39. Plaintiff has actual knowledge that FLSA Class members have been denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that FLSA Class members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

40. Plaintiff is similarly situated to FLSA Class members. Like Plaintiff, Defendant subjected FLSA Class members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

41.     Other nurses, aides, and assistants similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek, including but not limited to the unscheduled, pre- and post-shift work described above, and for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other nurses, aides, and assistants similarly situated to Plaintiff also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

42.     Although Defendant permitted and/or required FLSA Class members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty per week, including meal periods that were interrupted due to work demands and the other "off-the-clock" work described above.

43.     FLSA Class members perform or have performed the same or similar patient care work as Plaintiff.

44.     FLSA Class members regularly work or have worked in excess of forty hours during a workweek.

45.     FLSA Class members are not exempt from receiving overtime compensation under the FLSA.

46.     Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Class members.

47.     Although Plaintiff and putative FLSA Class members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

---

CLASS AND COLLECTIVE ACTION COMPLAINT; LAW ENFORCEMENT ACTION
*Clifford, et al. v. Favorite Healthcare Staffing, Inc.*

(a)     Defendant maintained common scheduling systems and policies with respect to Plaintiff and putative FLSA Class members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and FLSA Class members;

(b)     Defendant maintained common timekeeping systems and policies with respect to Plaintiff and putative FLSA Class members;

(c)     Defendant maintained common payroll systems and policies with respect to Plaintiff and putative FLSA Class members, controlled the payroll systems and policies applied to Plaintiff and putative FLSA Class members, and set the pay rates assigned to Plaintiff and putative FLSA Class members; and

(d)     Defendant controlled the meal and rest period work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and putative FLSA Class members of wages owed for work performed during time when nurses were entitled to meal periods.

48.     The specific job titles or precise job responsibilities of each Class member does not prevent collective treatment.

49.     FLSA Class members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted, interruptible, or missed meal breaks.

50.     FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

51.     Although the exact amount of damages may vary among FLSA Class members, the damages for FLSA Class members can be easily calculated, summed, and allocated based on a simple formula.

52.     Plaintiff and putative FLSA Class members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to

comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class members. Defendant had a plan, policy or practice of not paying Plaintiff and FLSA Class members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock."

53.     As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the FLSA Class, including both current and former employees over the relevant time period, will include upwards of 1,000 people or more. The precise number of FLSA Class members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from putative FLSA Class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the FLSA Class members are discoverable from Defendants' records. Given the composition and size of the Class, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## CLASS ACTION ALLEGATIONS

73.     Plaintiff brings Causes of Action Two through Nine as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and/or (b)(3).  Plaintiff brings the PAGA Cause of Action as a representative law enforcement action, but not as a class action.

74.     The Class that Plaintiff seeks to represent is composed of and defined as follows:

> **All individuals who worked as a traveling nurse or like hourly position for Defendant in California at any time beginning four years before the filing of this Complaint through the date of notice to the Class.**

75.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23(a) and/or (b)(3) because the proposed Class is easily ascertainable and there is a well-defined community interest in the litigation:

a.     *Numerosity*.  Defendant have employed hundreds if not thousands of traveling nurses in California from 2017 through the present.  Class members are therefore far too numerous to be individually joined in this lawsuit.

b.     *Existence and Predominance of Common Questions of Law and/or Fact.* Common questions of law and/or fact exist as to the members of the Class and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class. The common questions include the following:

   i.    Whether Defendant required and/or suffered and permitted Plaintiff and the other Traveling Nursing Workers to work unscheduled overtime;

   ii.   Whether Defendant's policies fail to account for and compensate the traveling nurses for required travel time on transportation arranged and required by Defendant, including time spent waiting for the transportation.

   iii.  Whether Defendant requires and/or suffers and permits the traveling nurses to perform patient hand-offs off-the-clock;

   iv.   Whether Defendant requires and/or suffers and permits the traveling nurses to perform patient charting off-the-clock;

   v.    Whether Defendant requires and/or suffers and permits the traveling nurses to perform other patient care duties off-the-clock;

   vi.   Whether Defendant requires and/or suffers and permits the traveling nurses to work through and/or remain on-duty during their meal periods;

vii.   Whether Defendant has sufficient policies and procedures to permit the traveling nurses to verify their unscheduled work time with the host facility or otherwise;

viii.  Whether Defendant has failed to compensate Plaintiff and the other traveling nurses at their the statutorily mandated overtime rates for hours worked in excess of 8 hours in a day and/or 40 hours in a week;

ix.    Whether Defendant has failed to compensate Plaintiff and the other traveling nurses at their the statutorily mandated double time rates for hours worked in excess of 12 hours in a day;

x.     Whether Defendant has sufficient policies and procedures to provide the traveling nurses with off-duty meal periods at the host facilities during which they are completely removed from duty for at least 30 minutes by the end of the fifth hour of work;

xi.    Whether Defendant has sufficient policies and procedures to provide the traveling nurses with a second off-duty meal period at the host facilities during which they are completely removed from duty for at least 30 minutes by the end of the tenth hour of work;

xii.   Whether Defendant has sufficient policies and procedures to authorize and permit off-duty rest periods at the host facilities during which they are completely removed from duty for at least 10 minutes during every four hours of work or major fraction thereof;

xiii.  Whether Defendant failed to keep accurate records of hours worked and wages earned by traveling nurses;

xiv.   Whether Defendant's failure to compensate Plaintiff and the other traveling nurses for all their work-time, including overtime, double-time and/or through meal periods, has been willful, intentional or reckless;

xv.  Whether the paychecks provided to the traveling nurses in connection with their compensation contain all the elements mandated for accurate itemized wage statements under Cal. Labor Code § 226(a);

xvi.  Whether traveling nurses whose employment relationship with Defendant has terminated are entitled to waiting time penalties for Defendant's failure to timely pay all outstanding amounts of compensation owed upon termination of the employment relationship;

xvii.  Whether Defendant's policies and practices have resulted in violation of one or more of the Labor Code Provisions cited herein;

xviii.  Whether Defendant's favorite policies and practices are unlawful, unfair and/or fraudulent business practices in violation of California Business & Professions Code §§17200, *et seq*.; and

xix.  The injunctive and/or monetary relief to which Plaintiff and the Class may be entitled as a result of the violations alleged herein.

c.  *Typicality*.   Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in failing to approve and compensate traveling nurses for the hours they are required and/or suffered and permitted to work, including overtime and double time; failing to provide off-duty meal periods in accordance with the timing and durational requirements of the applicable Wage Order; failing to authorize and permit off-duty rest periods in accordance with the timing and durational requirements of the applicable Wage Order; failing to keep accurate records of time worked and issue accurate itemized wage statements; and failure to pay waiting time penalties; has caused Plaintiff and the Class to sustain the same or similar injuries and damages.   Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class.

d. *Adequacy of Representation*. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

e. *Superiority of Class Action*. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Furthermore, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court, and avoids the problem of inconsistent judgments.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATIONS OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION
### (FLSA COLLECTIVE ACTION)

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37. Plaintiff and putative FLSA Class members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

---

38.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

39.     Throughout the relevant time period, Defendant expected and required Plaintiff and putative FLSA Class members to be available to work during their promised meal and rest breaks. Plaintiff and putative FLSA Class members also performed work off-the-clock for which they were not compensated, even though Defendant knew or should have known that such work was being performed.

40.     Plaintiff and putative FLSA Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

41.     Defendant cannot satisfy their burden of proof to demonstrate Plaintiff and putative FLSA Class members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

42.     Throughout the relevant time period, Defendant also suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but were not limited to, monitoring patients, assisting hospital personnel, reviewing or completing charting, and restocking supplies.

43.     Plaintiff was actively discouraged from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift, before she clocked in and after she clocked out. Upon information and belief, Defendant treated all putative FLSA Class members similarly with respect to "off-the-clock" work.

44.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff performed work for which she was not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiff and putative FLSA Class members.

45.     Defendant violated and continues to violate the FLSA when they failed to pay Plaintiff and putative FLSA Class members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and putative FLSA Class members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

46.     Defendant violated and continues to violate the FLSA when it failed to pay Plaintiff and putative FLSA Class members under 29 U.S.C. § 207 as non-exempt employees.

47.     Because of these violations, Plaintiff and putative FLSA Class members have suffered a loss of wages.

48.     Defendant's failure to pay overtime to Plaintiff and putative FLSA Class members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and putative FLSA Class members' claims.

49.     Because of Defendant's willful violation, Plaintiff and putative FLSA Class members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

50.     Plaintiff and putative FLSA Class members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Compensation
### California Labor Code §§ 510, 515.5, 1194, and 1198 *et seq*., and IWC Wage Order No. 5.

51.     Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

---

52.     California Labor Code §§ 510 and 1198, and IWC Wage Order No. 5, §3, provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in any workweek unless they receive compensation for those hours at a rate of one and one-half (1 1/2) times the employee's regular rate of pay.

53.     California Labor Code §§ 510 and 1198, and IWC Wage Order No. 5, §3, provides that employees in California shall not be employed more than twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek, unless they receive compensation for those hours double the employee's regular rate of pay.

54.     Defendant has failed to pay Plaintiff, and other members of the Class, overtime compensation for the hours they worked in excess of the maximum hours permissible by law under California Labor Code §§ 510 and 1198, and IWC Wage Order No. 5, §3.  Defendants require and/or suffer and permit Plaintiffs and other members of the Class to work hours in excess of 8 in a day and 12 in a day.

55.     Defendant has failed to pay Plaintiff, and other members of the Class, overtime and double time compensation for the hours they worked in excess of the maximum hours under California Labor Code §§ 510 and 1198, and IWC Wage Order No. 5, §3. Defendant requires and/or suffers and permits Plaintiff and other members of the Class to work hours in excess of 8 in a day and 40 in a week. This includes unscheduled overtime and double time resulting from time spent traveling to and from work sites and waiting for such travel; time spent performing patient hand-offs, patient charting and other patient care duties; and time spent working through and/or remaining on duty during meal periods.

56.     Defendant's failure to pay additional, premium rate compensation to Plaintiff and members of the Class for their overtime and double time hours worked has caused Plaintiff and Class Members, and continues to cause Class Members to suffer damages in

amounts which are presently unknown to them but which exceed the jurisdictional threshold of this Court and which will be ascertained according to proof at trial.

57.     Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

58.     As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class Members have been deprived of overtime and double time compensation in an amount to be determined at trial. Plaintiff and other members of the class request recovery of overtime and double time compensation according to proof, interest, attorney's fees and costs of suit pursuant to California Labor Code §§1194(a), 554, 1194.3 and 1197.1, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the California Labor Code and/or other statutes.

## THIRD CAUSE OF ACTION
**Failure to Provide Meal Periods, or Compensation in Lieu Thereof**
**California Labor Code §§ 226.7 and 512; and Cal. Code Regs., Title 8 §11040 ¶¶ 7 & 11**

59.     Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

60.     California Labor Code §§ 226.7 and 512, and Title 8 of the California Code of Regulations § 11040, ¶ 11 require Defendants to provide off-duty meal periods to Plaintiff and members of the proposed Class.  California Labor Code §§ 226.7 and 512, and Title 8 of the California Code of Regulations § 11040, § 11 prohibit employers from employing an employee for more than five hours without a meal period of no less than thirty (30) minutes and for more than ten (10) hours without a second meal period.  Unless the employee is relieved of all duty during the thirty (30) minute meal period, the employee is considered "on-duty" and the meal or rest period is counted as time worked.

61.     Defendants do not provide the nurses with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work.

62.     Rather, the nurses regularly work long shifts without the opportunity to take one or more meal periods during which they are completely relieved of all duty for at least 30 minutes.

63.     Defendants' policy has been to require the nurses to skip and/or work through statutorily mandated meal periods whenever a nurse's assigned patient needs treatment or monitoring, rather than to maintain a system whereby other nurses relieve them at regular intervals throughout the day.  Even when the nurses attempt to take meal periods, they are subject to interruption to respond to patient treatment needs.

64.     Defendants have failed to perform their obligations to provide Plaintiff and Class Members off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work.  Defendants also have failed to comply with their obligation to keep accurate information with respect to meal periods for each employee.

65.     Further, Defendants have not compensated Plaintiff and Class Members one (1) hour of pay for each off-duty meal period that they have been denied.  Defendants' conduct described herein violates California Labor Code §§ 226.7 and 512 and Title 8 of the California Code of Regulations §11040, ¶¶ 7 & 11.

66.     Pursuant to Labor Code §218.6 and/or Civil Code §3287(a), Plaintiff and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

67.     Plaintiff and the Class therefore seek compensation for Defendants' failure to provide complaint off-duty meal periods, plus interest, expenses, and costs of suit pursuant to the foregoing provisions and any other applicable law.

//
//

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods, or Compensation in Lieu Thereof**
**California Labor Code §§ 226.7 and Cal. Code Regs., Title 8 § 11040 ¶ 12**

68.     Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

69.     California Labor Code §226.7 and Title 8 of the California Code of Regulations § 11040, ¶ 12 requires Defendant to authorize and permit off-duty rest periods to Plaintiff and members of the proposed Class at the rate of ten minutes net rest time per four hours or major fraction thereof.

70.     Defendant does not authorize or permit such off-duty rest periods to the extent required by law.  To the contrary, the nurses regularly work long shifts without the opportunity to rest off-duty for even ten minutes during each of their four-hour work periods or major fractions thereof.

71.     Defendant's policy has been to require the nurses to skip or work through statutorily-mandated rest breaks whenever a nurse's assigned patient needs treatment or monitoring, rather than to maintain a system whereby other nurses relieve them at regular intervals throughout the day.  The nurses routinely are not authorized and permitted to take rest breaks of at least ten minutes by the end of every fourth hour of work or major fraction thereof.

72.     Under both California Labor Code § 226.7 and Title 8 of the California Code of Regulations §11040, ¶ 12, an employer must pay an employee who was denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

73.     At all relevant times herein, Defendant has failed to perform its obligations to authorize and permit Plaintiff and Class Members to take off-duty rest periods as set forth above.  Defendant also failed to pay Plaintiff and Class Members one (1) hour of pay for each rest period that has not been provided in compliance with the applicable Wage Order.

Defendant's conduct described herein violates California Labor Code §§ 226.7 and Title 8 of the California Code of Regulations §11040.

74.    Pursuant to Labor Code §218.6 and/or Civil Code §3287(a), Plaintiff and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

75.    Plaintiff and the Class therefore seek compensation for Defendants' failure to provide complaint off-duty meal periods, plus interest, expenses, and costs of suit pursuant to the foregoing provisions and any other applicable law.

### FIFTH CAUSE OF ACTION
**Failure to Pay for All Hours Worked in Violation of
California Labor Code §§ 201, 202, 204, and 221-223**

76.    Plaintiff realleges and incorporates the above paragraphs as though fully set forth below.

77.    California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

78.    California Labor Code §§ 201 and 202 require an employer to pay all wages earned but unpaid immediately upon the involuntary discharge of an employee or within seventy-two (72) hours of an employee's voluntary termination of employment.

79.    California Labor Code §204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

80.    California Labor Code §§221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

81.    Defendant has maintained and continues to maintain a policy of denying the traveling nurses compensation for all their compensable time, including time spent traveling to and from work sites and waiting for such travel; time spent performing patient

hand-offs, patient charting and other patient care duties; and time spent working through and/or remaining on duty during meal periods.  Accordingly, Defendant have artificially reduced Plaintiff's and its other traveling nurses' pay rates by denying them compensation for travel time to and from work worksites.

82.    As a proximate result of these violations, Defendant have damaged Plaintiff and the Class in amounts to be determined according to proof at trial.

83.    Pursuant to Labor Code §218.6 and/or Civil Code §3287(a), Plaintiff and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

84.    Plaintiff, on behalf of herself and all others similarly situated, seeks all unpaid compensation, damages, penalties, interest and attorneys' fees and costs, recoverable under applicable law set forth below.

### SIXTH CAUSE OF ACTION
**Failure to Keep Accurate Payroll Records**
**California Labor Code §§ 1174 & 1174.5**

85.    Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

86.    California Labor Code §1174 requires Defendant to maintain payroll records showing, among other things, the actual hours worked daily by its employees, wages paid to its employees, the number of piece-rate units earned by its employees, and any applicable piece rate paid to its employees.

87.    California Labor Code §1174.5 provides that employers who willfully fail to maintain accurate payroll records shall be subject to civil penalties.

88.    Defendant has knowingly, intentionally, and willfully failed to maintain payroll records showing the actual hours worked by, and accurate hourly rate paid to Plaintiff and Class members as required by California Labor Code §1174 and in violation of §1174.5.  As a direct result of Defendant's failure to maintain payroll records, Plaintiff

and Class members have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours they work, and thus seeking all wages owed in the form of overtime and double time compensation. As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and the Class members are entitled to recover damages and civil penalties in an amount to be determined at trial, plus interest, attorneys' fees, and costs of suit.

89.     Pursuant to Labor Code §218.6 and/or Civil Code §3287(a), Plaintiff and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

90.     Plaintiff, on behalf of herself and all others similarly situated, seeks all unpaid compensation, damages, penalties, interest and attorneys' fees and costs, recoverable under applicable law set forth below.

## SEVENTH CAUSE OF ACTION
### Failure to Furnish Accurate Wage Statements
### California Labor Code § 226

91.     Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

92.     California Labor Code §226(a) provides that every employer must furnish each employee with an accurate itemized wage statement, in writing, showing nine pieces of information, including: 1) gross wages earned; 2) total hours worked by the employee; 3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis; 4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; 5) net wages earned; 6) the inclusive dates of the period for which the employee is paid; 7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; 8) the name and address of the legal entity that is the employer; and 9) all applicable hourly rates in effect during the pay

period and the corresponding number of hours worked at each hourly rate by the employee.

93.    California Labor Code §226(e) provides that an employee suffering an injury as a result of a knowing and intentional failure to provide a statement accurately itemizing the information set forth in Labor Code §226(a), then the employee is entitled to recover the greater of all actual damages or fifty-dollars ($50.00) for the initial violation and one-hundred dollars ($100.00) for each subsequent violation, up to a maximum of four-thousand dollars ($4,000.00).

94.    Plaintiff and the Class Members are deemed to have suffered injury under Labor Code § 226(e)(2)(B) because, among other things, Defendants' violations of Labor Code § 226(a) include the failure to provide wage statements that accurately show total hours worked by the employees and all applicable hourly or piece rates that apply to work performed without compliant meal and rest periods.

95.    Defendant intentionally and willfully failed to furnish Plaintiff and Class members with timely, accurate, itemized statements showing total hours worked, gross wages earned, net wages earned, and the applicable hourly rates as required by California Labor Code §226(a).

96.    Plaintiff and the Class members have been injured by Defendant's violation of California Labor Code §226(a) because they have been denied their legal right to receive and their protected interest in receiving, accurate, itemized wage statements, and could not promptly and easily ascertain from the wage statement alone their total hours worked, gross wages earned, net wages earned, and the applicable hourly rates, among other required information.

97.    Plaintiff and Class Members have also been injured as a result of having to bring this action to obtain correct wage information following Defendant's refusal to comply with many requirements of the California Labor Code.  As a result, Defendant is

liable to Plaintiff and Class members, for the amounts, penalties, attorneys' fees, and costs of suit provided by California Labor Code §226(e).

98.   Pursuant to Labor Code §218.6 and/or Civil Code §3287(a), Plaintiff and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

99.   Plaintiff, on behalf of herself and the proposed Class, requests an assessment of damages as stated herein and other relief as described below.

100.   Plaintiff, on behalf of herself and all others similarly situated, seeks all unpaid compensation, damages, penalties, interest and attorneys' fees and costs, recoverable under applicable law set forth below.

## EIGHTH CAUSE OF ACTION
### Waiting Time Penalties
### California Labor Code §§ 201-203

101.   Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

102.   California Labor Code §201 requires an employer who discharges an employee to pay all compensation due and owing to said employee immediately upon discharge.   California Labor Code §202 requires an employer to promptly pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination of employment by resignation.   California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§201-202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

103.   Plaintiff and members of the Class have left their employment with Defendant during the statutory period.   Defendant willfully failed and refused, and continue to willfully fail and refuse, to timely pay all wages owed to Plaintiff and to all other proposed Class members whose employment with Defendant has ended or been terminated at any

point during the statutory period. As a result, Defendant are liable to Plaintiff and other formerly employed members of the proposed Class for waiting time penalties, together with interest thereon, attorneys' fees, and costs of suit, under California Labor Code §203.

104. Plaintiff, on behalf of herself and the proposed Class, request waiting time penalties pursuant to California Labor Code §203, plus attorneys' fees and costs, as described below.

## NINTH CAUSE OF ACTION
### Unfair Competition and Unlawful Business Practices
### California Business and Professions Code §§ 17200, *et seq.*

105. Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

106. California Business and Professions Code §17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

107. Plaintiff and all proposed Class Members are "persons" within the meaning of Business and Professions Code §17204, who have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition.

108. Defendant has been committing, and continues to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

(a) violations of California Code Regulations, Title 8 § 11050, ¶ 3, 7, 11, & 12;

(b) violations of California Labor Code §§ 201-203

(c) violations of California Labor Code §§ 221-223;

(d) violations of California Labor Code § 226;

(e) violations of California Labor Code § 226.7

(f) violations of California Labor Code § 510

(g)  violations of California Labor Code §§ 1174;

(h) violations of California Labor Code § 1194; and

(i)       violations of California Labor Code § 1198.

109.   As a result of its unlawful, unfair, and/or fraudulent business acts and practices, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members.   Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

110.   Business and Professions Code §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

111.   Plaintiff seeks a court order enjoining Defendant from the unlawful, unfair, and/or fraudulent activity alleged herein.

112.   Pursuant to Civil Code §3287(a), Plaintiff and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid.

113.   Plaintiff further seeks an order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to herself and members of the proposed Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

114.   Plaintiff seeks restitution to herself and all others similarly situated of these amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Cal. Code Civ. Proc. §1021.5.

**TENTH CAUSE OF ACTION**
**Statutory Penalties Pursuant to PAGA (Labor Code §§2698, *et seq.*)**
**(On behalf of All Aggrieved Employees)**

115.   Plaintiff hereby realleges and incorporates by reference the paragraphs above as though fully set forth herein.

116.   At all times set forth herein, the Private Attorneys General Act of 2004 (PAGA, California Labor Code §§ 2698-99) applied to Defendant's employment of Plaintiff and the proposed Class Members.

117.   At all times set forth herein, California Labor Code § 2699(a) has provided that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (LWDA) for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

118.   At all times set forth herein, the PAGA has also provided that for the violation of any Labor Code provision that does not itself contain a civil penalty, there are established civil penalties of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation.  Cal. Lab. C. § 2699(f).

119.   A civil action under PAGA may be brought by an "aggrieved employee," any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

120.   Defendant has been committing, and continues to commit, violations of the California Labor Code, including, but not limited to:

(a)  violations of California Labor Code §§ 201-203

(b)  violations of California Labor Code §§ 221-223;

(c)  violations of California Labor Code § 226;

(d)  violations of California Labor Code § 226.7

(e)  violations of California Labor Code § 510

(f)   violations of California Labor Code §§ 1174;

(g)  violations of California Labor Code § 1194;

(h)  violations of California Labor Code § 1198; and

(i)   violations of California Code Regulations, Title 8 § 11050, ¶ 3, 7, 11, & 12, as incorporated by the Labor Code provisions cited herein;

121.   Plaintiff was employed by Defendant and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee.   Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code §2699(c) in that they are all current or former employees of Defendant, and one or more of the alleged violations were committed against them.

122.   Pursuant to California Labor Code § 2699.3, an aggrieved employee, including Plaintiff, may pursue a civil action arising under the PAGA after the following requirements have been met:

(a)   The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

(b)   The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violations within sixty-five (65) calendar days of the postmark date of the Employee's Notice.   Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code §2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

123.   On April 6, 2021, Plaintiff provided written notice by certified mail to the LWDA and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.   To

date, over sixty-five (65) days have passed and the LWDA has not provided notice of any intention as to whether it will investigate the claims.

124. Plaintiff therefore seeks these civil penalties pursuant to Labor Code §§ 2699(a) and (f), and attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class she seeks to represent in this action, requests the following relief:

a)     That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

b)     For an order appointing Plaintiff as representative of the Class;

c)     For an order appointing Plaintiff's attorneys as Class Counsel;

d)     That the Court find that Defendant has been in violation of applicable provisions of the California Labor Code and IWC Wage Order No. 5 by failing to pay each member of the proposed Class for all hours worked, including failing to pay them their statutorily mandated overtime and double time wages, despite requiring and/or suffering and permitting them to work unscheduled time, including unscheduled overtime and double time;

e)     That the Court find that Defendants have been in violation of California Labor Code §§ 226.7 and 512 by failing to provide Plaintiff and members of the Class with off duty meal periods as required by California Code of Regulations, Title 8 §11040, ¶ 11, and therefore owes premium pay pursuant to Labor Code 226.7(b) and Wage Order ¶ 11(B);

f)     That the Court find that Defendants have been in violation of California Labor Code §§ 226.7 by failing to provide Plaintiff and members of the Class with off duty rest periods as required by California Code of Regulations, Title 8 § 11040, ¶ 12, and therefore owes premium pay pursuant to Labor Code 226.7(b) and Wage Order ¶ 12(B);

g)     That the Court find that Defendant has been unjustly enriched;

h) That the Court find that Defendant has violated the recordkeeping provisions of California Labor Code §§ 1174 and 1174.5 as to Plaintiff and the Class;

i) That the Court find that Defendant has been in violation of California Labor Code § 226 by failing to timely furnish Plaintiff and members of the Class with itemized statements accurately showing gross wages earned, net wages earned, total hours worked, and applicable hourly rates;

j) That the Court find that Defendant has been in violation of California Labor Code §§201 and 202 and therefore owe waiting time penalties under California Labor Code §203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and other formerly employed members of the Class;

k) That the Court find that Defendant has committed unfair and unlawful business practices, in violation of California Business and Professions Code §17200, *et seq.*, by their violations of the Common Law, Labor Code and Wage Orders as described above;

l) That the Court order an accounting of the payroll records to determine what restitution is owed and to whom, pursuant to California Business and Professions Code §17203;

m) That the Court award to Plaintiff and the proposed Class members compensation and restitution for all wages owed;

n) That the Court award to Plaintiff and the proposed Class Members statutory penalties as provided herein, including but not limited to Labor Code §§ 203 and 226;

o) That the Court award to Plaintiff and the proposed Class Members civil penalties as provided herein pursuant to Labor Code §2699(a) and (f).

p) For pre- and post-judgment interest;

q) That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 203, 225.5, 226, 1194, and 2699(g)(1), Code of Civil Procedure § 1021.5, and/or other applicable law; and

r)      For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED:   July 8, 2021              **SCHNEIDER WALLACE
                                   COTTRELL KONECKY**

                                   */s/ Joshua Konecky*
                                   Joshua Konecky
                                   Nathan Piller
                                   Yuri Chornobil
                                   2000 Powell Street, Suite 1400
                                   Emeryville, CA 94608
                                   Tel: (415) 421-7100; Fax: (415) 421-7105
                                   jkonecky@schneiderwallace.com
                                   npiller@schneiderwallace.com
                                   ychornobil@schneiderwallace.com